```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NIVES BARULIC-STILES,                :
                                     :
                    Plaintiff,       :
                                     :
      -against-                      :
                                     :
NEW YORK STATE DIVISION OF HUMAN     :
RIGHTS, SAUDI ARABIAN AIRLINES,      :
ALI KULLY, and ABDALLA NASR,         :
                                     :
                    Defendants.      :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __Sept. 19, 2011__

10 Civ. 7375 (JFK)

**MEMORANDUM OPINION AND ORDER**

**JOHN F. KEENAN, United States District Judge:**

This case concerns allegations by pro se Plaintiff Nives Barulic-Stiles ("Stiles") that the New York State Division of Human Rights (the "DHR") failed properly to investigate her claims of discrimination against her former employer defendant Saudi Arabian Airlines ("Saudi Airlines"). The case was originally filed in the Supreme Court of New York, Bronx County, pursuant to Article 78 of the New York Civil Practice Law and Rules ("N.Y. CPLR"), but the Article 78 proceeding was stayed when Saudi Airlines filed a Notice of Removal in this Court. Saudi Airlines claims that the Article 78 proceeding constituted a "civil action brought in State court against a foreign state" within the meaning of 28 U.S.C. §§ 1330(a) and 1441(d).

For the reasons set forth below, the Court holds sua sponte that that the Article 78 proceeding was not a civil action removable under 28 U.S.C. § 1441(d), and that the Court lacks

subject matter jurisdiction over this case under 28 U.S.C. § 1330(a). The Court orders this case remanded to the Supreme Court of New York, Bronx County.

## I.  Background

Unless otherwise noted, the facts below are taken from the Notice of Removal, the Bronx County Supreme Court pleadings, and Saudi Airlines' Answer.

**A.  Parties**

The DHR is a division within the executive department of the State of New York. N.Y. Executive Law § 293. New York law vests numerous powers and duties in the DHR, including the powers "[t]o adopt, promulgate, amend and rescind suitable rules and regulations to carry out the provisions" of the New York Human Rights Law, and "[t]o receive, investigate and pass upon complaints alleging violations of [the Human Rights Law]." <u>Id.</u> § 295(5)-(6). It is a violation of the Human Rights Law for an employer to discriminate against an individual "in terms, conditions or privileges of employment" because of "an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status." N.Y. Executive Law § 296.

It is undisputed that Saudi Airlines is a "corporation duly organized and existing under . . . the laws of the Kingdom of

Saudi Arabia," and "[a] majority of its capital shares are owned by . . . the Kingdom of Saudi Arabia." (Notice of Removal ¶ 3(a)-(b).)

**B.   Stiles' Term of Employment at Saudi Airlines**

Stiles began working at JFK International Airport as a customer service and ticketing agent for Saudi Airlines in June 1995. (Stiles Ltr. Ex. 1, V. Pet. Attach. A, Stiles Decl. ¶ 2.) Stiles alleges that during the course of her employment at Saudi Airlines, she received "exemplary" evaluations. (Id. ¶ 3.) However, Stiles alleges that beginning in 2005, her supervisor sexually harassed her and unfairly discriminated against her by refusing to file papers necessary for Stiles to file a worker's compensation claim and by failing to assign her overtime hours and special assignments given to other employees. (Id. ¶¶ 5, 9, 10, 16.)  Other employees of Saudi Airlines allegedly harassed Stiles in front of passengers and co-workers and attempted to sabotage reports Stiles had prepared. (Id. ¶ 9.)  She alleges her supervisor and other employees of Saudi Airlines discriminated against her by questioning her use of vacation time, refusing to give her vacation time, and thwarting her attempts to obtain a promotion. (Id. ¶¶ 7, 12, 13-15, 17-18.) Stiles attributed some of the discrimination she allegedly experienced to her Catholic faith. (See, e.g., id. ¶ 15.)

Between August 2008 and March 2010, Stiles claims that she was unable to work because of a medical condition.  As discussed below, in April and July 2009, Stiles filed discrimination complaints against Saudi Airlines with the United States Equal Opportunity Employment Commission (the "EEOC") and DHR, respectively, and DHR began an investigation of her claims.  On March 22, 2010, Stiles received a letter from Saudi Airlines stating that she could return to work only if she first agreed to be examined by an independent medical professional.  Stiles alleges that after being examined, she was "cleared for full duty," but that Saudi Airlines later revoked its offer for her to return to work. (Id. at 18-22.)

Saudi Airlines terminated Stiles' employment on August 17, 2010, stating Stiles' use of her sick leave as the cause for termination. (Id. ¶ 23.)

**C.  Stiles' Complaint with DHR and the Bronx County Supreme Court Article 78 Proceeding**

In April 2009, Stiles filed a complaint with the EEOC against Saudi Airlines.  On June 30, 2009, the EEOC found that it was "unable to conclude that the information [provided by Stiles] establishe[d] a violation of federal law" by Saudi Airlines. (Stiles Ltr. Ex. 1, V. Pet. Attach. A, Exh. A, EEOC Ltr. 1, June 30, 2009.)  This letter also notified Stiles of her right to sue on her federal discrimination claims. (Id. 1-2.)

On July 16, 2009--prior to her termination from Saudi Airlines--Stiles filed a complaint for unlawful discrimination on the basis of race, creed, national origin and disability with the DHR. (Stiles Ltr. Ex. 1, V. Pet. Attach. A, Exh. A, DHR Determination and Order After Investigation 1.)  DHR began an investigation of Stiles' allegations, and Stiles alleges that around June 29, 2010, she and her attorney had a conversation with an investigator at the DHR.  During this conversation, the DHR investigator requested that Stiles "provide names and phone numbers of witnesses, as well as medical doctors['] reports that were faxed to Saudi Arabian Airlines." (Stiles Lt. Ex. 1, V. Pet. ¶ 3.)

Prior to Stiles' compliance with the DHR investigator's request, the DHR issued a Determination and Order on July 1, 2010, stating that after its investigation of Stiles' claims, DHR could not "find that [Saudi Airlines] took adverse action against the complainant because of her race/color, creed, national origin, sex and disability, in violation of the New York State Human Rights Law." (DHR Determination and Order After Investigation 3.)

**D.   Removal of the Article 78 Proceeding to the Southern District of New York**

Stiles challenged the DHR's Determination and Order by initiating Article 78 proceedings. (See Stiles Lt. Ex. 1, V.

-5-

Pet.)  In her Verified Petition initiating the Article 78 proceeding against DHR, Stiles claimed that DHR failed to give her an "equal opportunity to prove [her] allegations." (Id. ¶ 3.)  Stiles' Verified Petition also contained assertions of her federal- and state-law claims, as well as a demand for a "jury trial."  On September 24, 2010, Saudi Airlines filed its Notice of Removal, attempting to bring the Article 78 proceeding initiated in Bronx County Supreme Court before this Court.  In its Notice of Removal, Saudi Airlines alleged that this Court had jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1330(a), 1441(d), and 1603. (Notice of Removal ¶ 2-3.)

An initial conference was held before this Court on December 20, 2010, with Stiles representing herself and counsel for the DHR and Saudi Airlines present.  At that conference, the Court invited counsel for Saudi Airlines to submit a letter brief regarding whether this action was within the Court's subject matter jurisdiction.  The Court received a letter brief from Saudi Airlines on January 14, 2011.  DHR declined to submit a letter or respond to Saudi Airlines' letter.  Stiles is currently unrepresented by counsel, but has applied to the Court for the appointment of counsel in this case.

## II.  Discussion

This Court may not act outside of the jurisdiction conferred on it by the Constitution of the United States and

federal law. U.S. Const. Art. III, § 1; see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 1012 ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (quotations omitted).  When a district court lacks jurisdiction over an action removed from a state court, the district court is required to remand the action. 28 U.S.C. § 1447(c).  Therefore as a threshold matter, the Court must determine whether it has subject matter jurisdiction over this case.

Saudi Airlines removed the Article 78 proceeding initiated by Stiles in Bronx County Supreme Court pursuant to 28 U.S.C. § 1441(d), which permits the removal of "any civil action brought in a State court against a foreign state."  Saudi Airlines claims that this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1330(a), which grants the federal district courts "jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state . . . as to any claim for relief in personam . . . ."  For purposes of determining its subject matter jurisdiction, the Court assumes that Saudi Airlines is an "agency or instrumentality of a foreign state" entitled to treatment as a "foreign state" for purposes of 28 U.S.C §§ 1330(a) and 1441(d).

28 U.S.C. § 1603(a)-(b); see Dole Food Co. v. Patrickson, 538 U.S. 468, 473 (2003) ("The [Foreign Sovereign Immunities Act's] definition of instrumentality refers to a foreign state's majority ownership of 'shares or other ownership interest.'"). Therefore, the existence of subject matter jurisdiction in this case depends on whether the Article 78 proceeding in the Bronx County Supreme Court qualifies as a "civil action against a foreign state" within the meaning of 28 U.S.C. §§ 1330(a) and 1441(d).

Under the N.Y. CPLR, "[r]elief previously obtained by writs of certiorari to review, mandamus or prohibition shall be obtained in a proceeding" brought in the Supreme Court of the State of New York under Article 78. N.Y. CPLR §§ 7801, 7804(b). Because it replaced the use of common-law writs to contest the legality of the actions of a "body or officer" of New York State, only a narrow and clearly defined set of questions may be raised in an Article 78 proceeding.  These questions include:

    (1)  "whether the body or officer failed to perform a duty enjoined upon it by law;"
    (2)  "whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction;"
    (3)  "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed;" and
    (4)  "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to

>direction by law is, on the entire record, supported by substantial evidence."

N.Y. CPLR § 7803(1)-(4) (McKinney's 2011).  All of these questions require the court to determine whether a state body or official acted in accordance with New York State law.[1]  Though parties with an interest in the outcome of an Article 78 proceeding may be heard in that proceeding, where "the proceeding was brought to review a determination," the court may only issue a judgment that annuls, modifies, or confirms the challenged determination, or directs specified action by the agency that made the determination. See N.Y. CPLR §§ 7802(d), 7806.

Because an Article 78 special proceeding is an action to challenge the conduct of a state body or official, the presence of a foreign state or its agency or instrumentality--regardless of whether the foreign state is styled as a respondent or an intervenor--does not convert such a special proceeding into a "civil action against a foreign state" for purposes of 28 U.S.C. §§ 1330(a), 1441(d).  In this case, the Article 78 proceeding brought in Bronx County Supreme Court could not result in any civil judgment or enforceable injunction against Saudi Airlines because as discussed above, the range of possible disputes that

---

[1] The N.Y. CPLR defines "body or officer" to include "every court, tribunal, board, corporation, officer, or other person, or aggregation of persons, whose action may be affected by a proceeding under this article." N.Y. CPLR § 7802(a).

may be resolved through an Article 78 proceeding is limited by N.Y. CPLR § 7803.  Indeed, in Saudi Airlines' letter to the Court dated January 10, 2010, Saudi Airlines requested that this Court "hold that the [DHR's] Determination and Order is not arbitrary and capricious, and dismiss Ms. Stiles' Complaint." (Saudi Airlines Ltr. 4, January 10, 2011).  Without reaching the issue of whether this Court has jurisdiction to dismiss the complaint filed with the DHR by Stiles, it is clear in view of the relief requested that the nature of the action before the Court is one substantially against the DHR, an agency of the State of New York, and not against any agency or instrumentality of a foreign state.

The Court's narrow interpretation of the phrase "against a foreign state" is supported by reference to constitutional standing and ripeness jurisprudence.  A party's abstract interest in the outcome of a proceeding is not ordinarily sufficient to invoke the jurisdiction of a federal district court. Allen v. Wright, 468 U.S. 737, 751 (1984) ("abstract" or "hypothetical" injuries not sufficient to confer standing to sue) (citing Los Angeles v. Lyons, 461 U.S. 95, 101-2 (1983)). "The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." Wart v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1975).  These

cases suggest that an action or proceeding is not "against" a particular party for jurisdictional purposes unless the action or proceeding could result in a concrete harm against that party.

Therefore, in order for a foreign state to remove a state-court action pursuant to 28 U.S.C. §§ 1330(a) and 1441(d), the foreign state must demonstrate that it could face some particularized injury resulting directly from an adverse judgment in that state-court action. See Lyons, 461 U.S. at 101 ("Abstract injury is not enough.")  Here, where an adjudication of the Article 78 proceeding could result in no concrete harm to Saudi Airlines, but only further proceedings before the DHR, the Court lacks subject matter jurisdiction over this case.

### III.  Conclusion

Because the Article 78 proceeding in Bronx County Supreme Court was not a "civil action against a foreign state" for purposes of 28 U.S.C. §§ 1330(a) and 1441(d), this Court lacks subject matter jurisdiction over this case.  Therefore the case is remanded to the Bronx County Supreme Court.

The Court directs the Clerk of Court to mail a certified copy of this order of remand to the Bronx County Clerk and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         September 19, 2011

                                            JOHN F. KEENAN
                                   United States District Judge